IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terral Y. Alexander,<br>　　Plaintiff,<br><br>　　　v.<br><br>Michael J. Astrue, Commissioner of Social Security<br>　　Defendant. | Case No. 3:09-cv-1992-RMG-JRM<br><br>**ORDER** |

Plaintiff Terral Y. Alexander filed this action on July 29, 2009, seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. As detailed herein, after a *de novo* review of the Record, this Court adopts the Report and Recommendation of the Magistrate to reverse and remands this matter to the ALJ for further administrative proceedings consistent with this Order.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir.1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

## DISCUSSION

The ALJ determined that Plaintiff was not entitled to the benefits sought. Plaintiff then appealed. On August 30, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended that the decision of the Commissioner be reversed and that the case be remanded to the Commissioner for further administrative action. (Dkt. No. 18). On September 16, 2010 the Commissioner filed objections opposing only the Magistrate's recommendation that the matter be remanded to the ALJ for consideration of Plaintiff's work assessment. (Dkt. No. 20). Plaintiff filed no objection. As noted above, while this court must uphold a decision by the Commissioner that is supported by substantial evidence, this court reviews *de novo* any portion of the Report to which either party specifically objects.

In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. The regulations require the ALJ to consider, in sequence:

> 1) whether the claimant is engaged in substantial gainful activity;
> 2) whether the claimant has a "severe" impairment;
> 3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 4, Subpart P, Appendix 1 ("the Listings"), and thus is presumptively disabled;
> 4) whether the claimant can perform his past relevant work; and
> 5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *Id.*

At the administrative level, the ALJ concluded that Plaintiff was not disabled and there were many jobs he is capable of performing despite his not being able to perform his past relevant work.

(Dkt. No. 14). After a careful *de novo* review and consideration of the evidence and arguments presented, this Court finds that there is not substantial evidence in the record to support the conclusion of the ALJ that Plaintiff could perform at a medium work capacity. Accordingly, the denial of benefits is reversed and the matter is remanded to the ALJ for further proceedings.

## PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY

Specifically, Plaintiff alleges that the ALJ erred by failing to properly determine his residual functional capacity ("RFC") and in finding that he had the RFC for medium work. Plaintiff contends that the ALJ did not perform the "function-by-function" assessment required by SSR 96-8p. Plaintiff argued that the ALJ's conclusion that he can perform medium work is not supported by substantial evidence because he is unable to perform the basic mental demands of unskilled work as evidenced by the statements of Dr. Cole and his physician's assistant Mr. Ramirez.[1] In response, the Commissioner counters that the ALJ met the requirements of a function-by-function assessment by specifically incorporating the statutory definition of medium work into the ALJ's residual functional capacity finding.

The law is clear, the ALJ's RFC assessment should be based on all the relevant evidence. 20 C.F.R.§ 404.1545(a). Social Security Ruling 96-8p requires that the RFC assessment "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and non-medical evidence (*e.g.*, daily activities, observations)." The RFC must "first identify the individual's functional limitations or restrictions and assess his or her

---

[1] Ramirez is a physician's assistant, and thus not a treating physician nor an "acceptable medical source" under the regulations. 20 C.F.R. § 416.913(a) and (d); 20 C.F.R. §§ 416.913(a) and(d). Accordingly, his opinion is entitled to "significantly less weight ." *Craig v. Chater*, 76 F.3d585, 590 (4th Cir.1996). His opinions, however, may provide insight into the severity of the claimant's impairment and how it affects the claimant's ability to function. SSR 06-03p.

work-related abilities on a function-by-function basis...." SSR 96-8. Further, the ALJ must discuss the claimant's ability to work in an ordinary work setting on a regular work schedule. *Id.*

Here, the ALJ's RFC assessment and finding that Plaintiff had the RFC for medium work is not supported by substantial evidence. In his administrative order, the ALJ states that Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) with certain limitations. (Tr. 14-17). He states that the limitations are based on Exhibits 18F and 19F, which respectively are the Physical RFC assessment completed by Dr. Chandler and the Mental RFC Assessment completed by Dr. Ronin. *(See* Tr. 400-411). It may be that the ALJ relied on the findings of these nonexamining, non-treating sources in determining Plaintiff's RFC and these findings may be substantial evidence to support the ALJ's findings[2] but it is unclear from the Record what *weight* the ALJ gave to these opinions in determining Plaintiff's RFC and why these opinions were given greater weight than that of the medical and psychological treatment providers who treated and examined Plaintiff. Further, the reports that appear to have been relied upon by the ALJ were completed in February 2006 and thus did not take into account Plaintiff's later medical history (including his August 2007 cervical spine MRI showing disc bulging), ongoing treatment at Oconee Family Practice, and Mr. Ramirez's March 2006 and 2008 opinions. Additionally, there is no mention in the ALJ's decision of either Plaintiff's testimony that he used a cane at times due to pain and swelling in his leg or PA Ramirez's notation (in his March 2008 opinion) that Plaintiff would

---

[2] *See* 20 C.F.R. §§ 404.1527(f)(2) and 416.927(f)(2); SSR 96-6p (providing that "[f]indings of fact made by State agency . . . [physicians and psychologists] . . . regarding the nature and severity of an individual's impairments must be treated as expert opinion of non-examining sources at the [ALJ] and Appeals Council level of administrative review.").

need a cane while engaging in occasional standing or walking. As the use of an assistive device may affect Plaintiff's ability to perform certain tasks, the ALJ should have considered this issue.

While, the outcome may be the same, on remand the ALJ is instructed to perform the analysis as outlined by the applicable regulations as noted above in order for this Court to determine whether the ALJ's denial of benefits was proper.

## CONCLUSION

Based on the above, this matter is **reversed** pursuant to sentence four of 42 U.S.C. § 405(g) and **remanded** on the points above to the ALJ for further consideration as outlined herein.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 29, 2010
Charleston, South Carolina